IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**VAUGHNTA MARKEES JONES,**

    **Petitioner,**

v.                                                                                    Case No. 1:15-cv-13133

**WARDEN, FCI Allenwood,**[1]

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND PETITIONER'S CLAIMS

### A.  The petitioner's conviction and direct appeal.

On August 25, 2010, Petitioner pled guilty, pursuant to a written plea agreement, to one count of possession of multiple firearms by a felon, and one count of possession of a sawed-off shotgun, in the United States District Court for the District of South Carolina. *United States v. Jones*, No. 0:06-cr-1169, ECF No. 126, Plea Agreement (attached herein as ECF No. 9, Ex. B). On December 16, 2010, Petitioner was sentenced to an aggregate

---

[1] The proper respondent in a habeas corpus matter is the petitioner's current custodian. Petitioner is now incarcerated at FCI Allenwood. Accordingly, the Clerk is directed to modify the docket sheet to reflect that "Warden, FCI Allenwood," is the proper respondent herein, both in the style of the case and the short style at the top of the docket sheet.

sentence of 168 months in prison, consisting of 120 months on the felon in possession count and a consecutive term of 48 months for possessing a sawed-off shotgun. Petitioner was also sentenced to serve a three-year term of supervised release. *Id.*, ECF No. 150, Judgment (attached herein as ECF No. 9, Ex. C).

### B. Petitioner's prior post-conviction filings.

Petitioner appealed his Judgment to the United States Court of Appeals for the Fourth Circuit challenging the validity of his guilty plea and the reasonableness of his sentence. On November 9, 2011, the Fourth Circuit affirmed the petitioner's Judgment. *United States v. Jones*, No. 10-5823 (4th Cir. Nov. 9, 2011) (ECF No. 9, Ex. D). Petitioner's petition for a writ of certiorari was denied by the Supreme Court on March 30, 2012. *United States v. Jones*, 132 S. Ct. 2115 (2012) (ECF No. 9, Ex. F). The Supreme Court subsequently denied Petitioner's petition for reconsideration on June 25, 2012. *United States v. Jones*, 133 S. Ct. 52 (2012) (ECF No. 9, Ex. G). Thus, Petitioner's judgment became final on that date.

On June 17, 2013, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in his court of conviction raising two claims of ineffective assistance of counsel. The South Carolina District Court dismissed the section 2255 motion as time-barred on November 6, 2013. *United States v. Jones,* No. 0:06-cr-01169, ECF No. 188 (attached herein as ECF No. 9, Ex. H). Petitioner appealed the dismissal of his section 2255 motion, and the Fourth Circuit denied a certificate of appealability and dismissed the appeal on April 28, 2014. *Id.*, ECF No. 195 (attached herein as ECF No. 9, Ex. I).

Petitioner also sought relief from the Judgment on his section 2255 motion under Rule 60(b) of the Federal Rules of Civil Procedure, claiming procedural error and deficient process, but that motion was denied by the South Carolina District Court on September 15, 2014. *Id.*, ECF No. 198 (attached herein as ECF No. 9, Ex. J). The Fourth Circuit subsequently affirmed the denial of Petitioner's motion for reconsideration. *Id.*, ECF No. 204 (attached herein as ECF No. 9, Ex. K).

### C.    Petitioner's section 2241 petition.

The instant section 2241 petition, which was filed on September 10, 2015, challenges Petitioner's conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession of firearms under the Fourth Circuit's decisions in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). As further addressed below, in *Simmons*, the Fourth Circuit overruled its previous decision in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), and held that, in deciding whether to enhance a federal sentence based on a prior conviction, the court should look to the maximum sentence that could have been imposed on that defendant to determine if the prior crime qualifies as a predicate felony conviction. In *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), the Fourth Circuit held that *Simmons* applies retroactively to cases alleging actual innocence of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Petitioner also asserts that his sentence was erroneously calculated under section 2K2.1(a)(3) of the United States Sentencing Guidelines ("U.S.S.G.") because his prior sentence for Possession with Intent to Distribute Marijuana was not a "controlled substance offense" as defined in U.S.S.G. § 4A1.2(b).

3

## ANALYSIS

### A. Petitioner is not entitled to relief under section 2241 on his *Simmons/Miller* claim.

Petitioner's first claim clearly challenges the validity of his conviction, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the District of South Carolina. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

4

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.[2]

Here, Petitioner contends that, in light of *Simmons*, his underlying South Carolina convictions for Assault and Battery of a High and Aggravated Nature ("ABHAN") and Possession with Intent to Distribute Marijuana ("PWID Marijuana") are not felony convictions because he was not sentenced to more than one year for either crime. Thus, Petitioner further contends that neither of these convictions can serve as a felony offense

---

2 On March 28, 2018, a three-judge panel of the Fourth Circuit issued an opinion in *United States v. Wheeler*, 886 F.3d 415 (2018), which extended the application of the savings clause to sentencing challenges and revised the *Jones* test with respect to such challenges to include the following factors: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." *Id.* at 429. The *Wheeler* panel opinion specified that "there is no doubt that *Jones* is still good law in this circuit." *Id.* at 427. Thus, with respect to challenges to a conviction made under section 2241, the district courts should rely on the *Jones* test; whereas, for challenges to sentences made under section 2241, courts should defer to the *Wheeler* analysis.

to support a finding that he was a felon who possessed firearms in order to be guilty of a 922(g) offense.   Specifically, Petitioner's petition asserts:

> Petitioner is currently serving time in federal prison for the possession of a firearm after being convicted of a felony offense in violation of 18 U.S.C. § 922(g)(1).   Under § 922(g)(1), "a crime punishable by imprisonment for a term exceeding one year," is defined by the United States Congress under Title 18 U.S.C. § 921(a)(20), which governs the determination of whether a prior conviction is a qualifying felony for purposes of section 922(g)(1).   Section 921(a)(20) excludes certain offenses, and, it has further provided the following:   "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."   Thus, in determining a prior conviction to sustain a 922(g)(1) offense, Congress directs federal courts to look to the laws of the jurisdiction in which the prior conviction was obtained.   If the proceedings were state proceedings, state law determines "what constitutes a conviction of such a crime."   [Citations omitted].   In Petitioner's case, the laws of South Carolina must serve as our starting point.

(ECF No. 2 at 4-5).

Petitioner further contends that, in 2003, when he was convicted of his ABHAN offense, South Carolina classified that crime as a misdemeanor, and in 2005, when he was convicted of PWID Marijuana, that crime was a felony.[3]   His petition further states:

> However, in determining "what constitutes a conviction of a felony, it is necessary to consider all relevant factors that were presented to the [state] court for its decision at sentencing" which includes:   "(1) the [South Carolina Statutory Sentencing Scheme] that informed the [state] court decision; (2) any information in the record that the court could have considered in making its decision; and (3) the maximum period for which [Petitioner] in particular could have been sentenced, based on the then-applicable sentencing criteria and [Petitioner's] criminal history at the time."   *See United States v. McCoy*, 2014 U.S. Dist. LEXIS 47499 (D. Md. 2014).

---

3  In 2010, the South Carolina Legislature codified ABHAN and made it a felony with a maximum sentence of 20 years.   Prior to that time, it was a common law misdemeanor punishable by up to 10 years in prison.   *See State v. Fennell*, 531 S.E.2d 512 (S.C. 2000).   The maximum sentence for a PWID Marijuana offense depends on the drug quantity.   The record before this court provides insufficient information concerning the drug quantity of Petitioner's drug offense or what the maximum potential sentence could have been for that crime in 2005.

(ECF No. 2 at 5-6). Petitioner then asserts that, under South Carolina's sentencing scheme, he could not have been convicted of a felony for either the ABHAN or PWID Marijuana offenses. His Memorandum states:

> Looking to South Carolina's statutory sentencing scheme, S.C. Code § 16-1-10, entitled "Categorization of felonies and misdemeanors; Exemptions," and under Subsection (A), felonies are classified (Class A-F), for the purpose of sentencing. Under Subsection (B), misdemeanors are classified (Class A-C), for the purpose of sentencing. Under Subsection (C), the following is provided: "<u>All offenses with a term of imprisonment of less than one year are misdemeanors and exempt from the classification system</u>." See: Exhibit A, attached hereto.
>
> S.C. Code § 16-1-10(c) authorizes all offenses under South Carolina that [are] given a term of imprisonment" of less than one year to be a misdemeanor "conviction" and exempt (free) from its obligations and duties within the statutory classification system. South Carolina does not define term of imprisonment; however, it is ultimately defined as "a limited or fixed period of confinement." With this in mind, Petitioner's ABHAN conviction, which, he was given a time served "term of imprisonment" of only 90 days, clearly can be excluded. As for Petitioner's PWID Marijuana conviction, which, he was given 12 months suspended to 8 months and 1 year probation, a further review of South Carolina's statutory sentencing scheme relating to suspended and split sentence, and, how they are applicable is needed.

(ECF No. 2 at 6-7). Petitioner then asserts that South Carolina law treats split or suspended sentences as departures from the recommended sentence, and that S.C. Code § 17-25-110 provides as follows:

> When the sentence of any person who has been sentenced by a court of competent jurisdiction of this state shall be suspended by a judge of such court such suspension shall run for the period of time prescribed by such judge in the sentence or order of suspension and no person who has had a sentence so suspended shall be called back and required to do service under such sentence beyond and after the expedition of such period.

(*Id.* at 7-8). Petitioner contends that this portion of South Carolina's law is equivalent to section 4A1.2(b)(2) of the United States Sentencing Guidelines, such that "a suspended sentence refers only to the portion that was not suspended." (*Id.* at 8).

Petitioner also appears to be asserting that, because he was only required to serve about 50% of his PWID Marijuana sentence under South Carolina laws concerning non-violent offenders, his actual sentence of imprisonment on that offense was no more than 4 months and one week. (*Id.* at 8). Based upon these assertions, Petitioner contends that his "term of imprisonment" for his PWID Marijuana offense was for 8 months and, thus, "could only have constituted a misdemeanor conviction" under South Carolina's sentencing laws. (*Id.* at 9-10).

Petitioner relies upon the Fourth Circuit's en banc decision in *Simmons*, which overruled established Circuit precedent in *Harp*, and held that "whether the defendant's prior offense was one for which he could have received a sentence exceeding one year's imprisonment depended on the defendant's 'conviction itself,' and not the 'mere possibility that [the defendant's] conduct, coupled with facts outside the record of conviction, could have authorized a conviction of a crime punishable by more than one year's imprisonment." (*Id.* at 10). In other words, the federal court must look to the maximum sentence <u>the particular defendant</u> could have received, and not that of a hypothetical "worst case" defendant, as had been authorized in *Harp*. Petitioner further relies on *Miller*, which made *Simmons* retroactive to cases, such as Petitioner's, where a defendant asserts that he actually innocent of a section 922(g) offense. (*Id.* at 10-11). Thus, Petitioner contends that his claim is cognizable in this section 2241 proceeding under the "savings clause" of section 2255.

8

On May 27, 2016, the Respondent filed a Response to the Petition, as ordered by the undersigned. (ECF No. 9). The Response contends that Petitioner's claim does not meet the criteria of the "savings clause" and, thus, is not cognizable under section 2241. (*Id.* at 4). Rather, the Respondent contends that Petitioner's claim is "precisely the type of claim that should be brought in a § 2255 petition," but Petitioner is procedurally barred from pursuing the same under section 2255 at this time. (*Id.*) Furthermore, the Respondent contends that Petitioner is bound by the representations in his valid plea agreement that he was previously convicted of a felony offense. (*Id.* at 6).

Petitioner's Reply reiterates his contention that he can meet the savings clause requirements. His Reply asserts:

> Petitioner meets this burden by establishing (1) at the time of his conviction, *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005) established the legality of his conviction under Fourth Circuit law; (2) subsequent to Petitioner's direct appeal and first § 2255 motion, *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013) ruled that *Simmons v. United States*, 649 F.3d 237 (4th Cir. 2011) functioned as a new rule substantive rule, because it changed such that the conduct of which the Petitioner is convicted is deemed not to be criminal; and (3) the substantive rule is not one of constitutional law made retroactive to cases on collateral review by Supreme Court, thereby enabling Petitioner to satisfy the gatekeeping provision [of section 2255(h)].

(ECF No. 10 at 2). Petitioner further asserts that *In re Jones* "opened a gateway to § 2241 relief by showing actual innocence of an offense of conviction . . . ." (*Id.*) Thus, Petitioner maintains that his claim is appropriate for review under section 2241, and that he qualifies for relief under *Simmons/Miller*.

However, Petitioner cannot meet the second factor of the *Jones* test because *Miller*, which made *Simmons* retroactive, was decided while Petitioner's section 2255 motion was pending in his court of conviction. Thus, Petitioner could have amended his section

2255 motion to assert this claim, and he cannot satisfy the savings clause criteria. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to consider Petitioner's *Simmons/Miller* claim under section 2241.

> **B. Petitioner is not entitled to relief under section 2241 on the challenge to his sentence under section 2241.**

Similarly, Petitioner's challenge to his sentence based upon an alleged guideline calculation error is not reviewable by this court under section 2241. Petitioner is not relying on any retroactive change in the law, and the error he asserts could have, and should have, been raised in his direct appeal or his prior section 2255 motion. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to consider Petitioner's sentencing guideline error claim under section 2241.

Additionally, in light of the fact that Petitioner previously filed a 2255 motion, the undersigned proposes that the presiding District Judge **FIND** that transfer of this action to Petitioner's court of conviction for consideration under section 2255 would be futile because such a motion would be an unauthorized second or successive motion.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior

United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

August 16, 2018

Dwane L. Tinsley
United States Magistrate Judge