# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**VAUGHNTA MARKEES JONES,**

    **Plaintiff,**

**v.**                              **CIVIL ACTION NO. 1:15-13133**

**WARDEN, FCI Allenwood,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendation. Magistrate Judge Tinsley submitted his proposed findings and recommendation on August 16, 2018. In that Proposed Findings and Recommendation ("PF&R"), the magistrate judge recommended that this court dismiss plaintiff's application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and dismiss this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a party "makes

general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Plaintiff filed objections to the Proposed Findings and Recommendation on September 4, 2018. Because petitioner filed his objections timely, this court has conducted a de novo review of the record as to those objections. See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## I. Background

On August 25, 2010, Jones pled guilty in the District of South Carolina to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of a sawed-off shotgun, in violation of 26 U.S.C. § 5861(d). United States v. Jones, Case No. 0:06-cr-01169 (D.S.C. Aug. 25, 2010). Jones was sentenced to a total term of imprisonment of 168 months, consisting of 120 months on the felon in possession count and 48 months on the sawed-off shotgun possession count, sentences to run consecutively.

Magistrate Judge Tinsley concluded that plaintiff's claim was properly considered under 28 U.S.C. § 2255, and not 28 U.S.C. § 2241, because he was challenging the validity of his conviction and the sentence imposed by the District of South Carolina.

Motions under § 2255 are to be filed in the sentencing court. However, because plaintiff had not obtained authorization to file a second or successive § 2255,[1] Magistrate Judge Tinsley determined that plaintiff's motion should be dismissed rather than transferred to the sentencing court.

## II.  Analysis

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention.  However, the two sections are not interchangeable. Under 28 U.S.C. § 2255, a federal prisoner can move to vacate, set aside, or correct a sentence "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  See 28 U.S.C. § 2255.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy

---

[1] On February 11, 2015, a motion to file a second or successive application for relief under 28 U.S.C. § 2255 was denied by the United States Court of Appeals for the Fourth Circuit.  See ECF No. 4 in Case No. 15-109 (4th Cir. 2015).

3

under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.  In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). In re Jones relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."  The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention.  Id. at 332.

Plaintiff objects to the magistrate judge's conclusion in the PF&R that he not be permitted to proceed under § 2241 because he has not shown that § 2255 is inadequate or ineffective.  For the following reasons, the court agrees with the magistrate judge's recommendation and **OVERRULES** plaintiff's objections.

Plaintiff argues that his felon in possession conviction should be vacated because the underlying felony convictions, which served as the basis for that conviction, were not felonies

4

under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and Miller v. United States, 735 F.3d 141 (4th Cir. 2013). Therefore, plaintiff's claim is properly reviewed under section 2255, not section 2241, because it involves the validity of his conviction, rather than the execution of his sentence. Thus, before considering plaintiff's section 2241 petition on its merits, the court must determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of his detention in order for him to pursue such relief under section 2241. The Fourth Circuit has held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[2]

---

[2] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); Jones, 226 F.3d at 330.

5

Jones, 226 F.3d at 333-34. Using this three-factor analysis, plaintiff does not present a claim that falls within the savings clause exception because he cannot satisfy the second criterion. The Miller decision, upon which Jones bases his argument, was not decided "subsequent to the prisoner's direct appeal and first § 2255 motion." Miller was decided on August 21, 2013, while plaintiff's first § 2255 was pending. That first § 2255 motion was dismissed more than two months later, on November 6, 2013. Therefore, although Jones could have sought to amend his § 2255 to include his claim based upon Miller/Simmons, he did not do so. Accordingly, he cannot meet his burden to show that § 2255 is inadequate or ineffective. See, e.g., McIntosh v. Tamez, No. 11-10435, 2012 WL 1557342, *2 (5th Cir. May 1, 2012) ("[W]e agree with the district court that McIntosh cannot satisfy the second § 2255(e) requirement. Prior to Santos, circuit precedent foreclosed McIntosh's claim. . . But Santos removed that barrier on June 2, 2008. At that time, McIntosh's first § 2255 motion was pending. The district court did not dismiss the motion until more than six weeks later, on July 16. At any time during this period, McIntosh could have sought leave to amend his motion to add his Santos claim. He did not."); Hinojosa v. Maye, No. A-11-CA-983LY, 2012 WL 2191694, *3 (W.D. Tex. June 13, 2012) (dismissing § 2241 where petitioner failed to establish the inadequacy or ineffectiveness of § 2255 in part because

petitioner "could have sought leave to amend his first § 2255 motion to raise the Santos claim during the one month period when he was aware of the decision and before his § 2255 was dismissed").

Faced with Magistrate Judge Tinsley's conclusion to this effect in the PF&R, Jones objects that the could not have amended his first § 2255 claim to cite Miller because he did not know about the Miller decision until after his § 2255 was decided. To that end, he declares under penalty of perjury that (1) the FCI McDowell law library was the "only available source accessible to him as a Pro Se litigant"; (2) "at that time, it often took 3-4 months until computers would be updated"; (3) that between the time the Miller was decided and his first § 2255 was dismissed, "the Miller case was not reasonably available to him"; and (4) he only became aware of Miller which appealing the dismissal of his original § 2255. ECF No. 16 at p.5. However, as our appeals court has long held, in general, ignorance of the law does not operate to excuse an inmate's tardy filing. Cf. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that even in the case of an unrepresented prisoner, ignorance of the limitations period for filing a motion to vacate is not a basis for equitable tolling of the statute of limitations.).

Jones' argument in this regard is also based upon the faulty premise that he could not have presented the argument he now

seeks to make until <u>Miller</u> was decided. Jones argues that he is actually innocent of being a felon in possession because the underlying predicate felonies upon which that conviction depended were not really felonies post-<u>Simmons</u>. However, even though <u>Miller</u> was decided during the pendency of Jones' first § 2255 motion, <u>Simmons</u> was decided on August 7, 2011, while Jones' direct appeal was ongoing. Furthermore, his first § 2255 motion was not filed until June 17, 2013. Accordingly, it is clear that Jones had ample opportunity to argue the ongoing validity of his predicate felony convictions under <u>Simmons</u>. As the United States Court of Appeals for the Tenth Circuit has explained, "we cannot agree that the absence of [a particular case] from the U.S. Reports at the time of a prisoner's first § 2255 motion has anything to do with the question whether § 2255 [i]s an inadequate or ineffective remedial mechanism for challenging the legality of [ ] detention." <u>Prost v. Anderson</u>, 636 F.3d 578, 589 (10th Cir. 2011). As now Justice Gorsuch explained:

> To invoke the savings clause, there must be something about the initial § 2255 procedure that <u>itself</u> is inadequate or ineffective for <u>testing</u> a challenge to detention. . . .
>
> We readily acknowledge that, at the time of his first § 2255 motion, it is likely that neither Mr. Prost nor his counsel <u>imagined</u> the particular statutory interpretation argument <u>Santos</u> ultimately vindicated. But in much the same way that a student's failure to imagine a novel or creative answer to an exam question doesn't make the exam an inadequate or ineffective procedure for testing his knowledge, the fact that Mr. Prost or his counsel may not have <u>thought</u> of a <u>Santos</u>-

8

type argument earlier doesn't speak to the relevant
question whether § 2255 <u>itself</u> provided him with an
adequate and effective remedial mechanism for treating
such an argument. The § 2255 remedial vehicle was
fully available and amply sufficient to test the
argument, whether or not Mr. Prost thought to raise it.
And that is all the savings clause requires.

\* \* \*

Critically, Mr. Prost doesn't—and can't—dispute
that he was entirely free to raise and test a <u>Santos</u>-
type argument in his initial § 2255 motion. Instead,
he argues only that a <u>Santos</u>-type argument likely would
have been rejected on the merits at the district court
and circuit panel levels because of adverse circuit
precedent, leaving him with only en banc and certiorari
petitions to try to undo that precedent. But, as we
have explained, the plain language of the savings
clause does not authorize resort to § 2241 simply
because a court errs in rejecting a good argument. The
savings clause doesn't guarantee results, only process.
Neither does this fact change merely because the
court's error on the merits happens to be induced by
preexisting circuit precedent. We readily acknowledge
that circuit precedent sometimes requires judges to
reject a claim on its merits, and sometimes that
precedent is quite wrong in doing so. But, as we've
already detailed at length, the possibility of an
erroneous result—the denial of relief that should have
been granted—does not render the procedural mechanism
Congress provided for bringing that claim (whether it
be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise)
an inadequate or ineffective <u>remedial vehicle</u> for
<u>testing</u> its merits within the plain meaning of the
savings clause. Whether a statutory interpretation
argument is rejected <u>on the merits</u> by a circuit court
on the basis of a newly crafted but deficient test, or
by application of an old but equally bad test found in
circuit precedent makes no difference. Legal error has
occurred. And whenever legal error occurs it may very
well mean <u>circuit law</u> is inadequate or deficient. But
that does not mean the § 2255 remedial vehicle is
inadequate or ineffective to the task of <u>testing</u> the
argument.

<u>Id.</u> at 589-90 (emphasis in original).

9

The <u>Simmons</u> case illustrates this point. Simmons persisted in his challenge despite adverse circuit precedent, i.e., <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), and, ultimately was able to persuade the court to overrule <u>Harp</u>. See <u>United States v. Simmons</u>, 649 F.3d 237, 241 (4th Cir. 2011) ("After consideration of that precedent, we now conclude that <u>Harp</u> no longer remains good law."). <u>Carachrui-Rosendo v. Holder</u>, 560 U.S. 563 (2010), on which the <u>Simmons</u> decision relied, was decided on June 14, 2010, before Jones even pled guilty. Therefore, he not only had the opportunity to make the argument he now advances in his first § 2255 but he also had the benefit of that decision of the United States Supreme Court before he even pled guilty. For this reason, it is disingenuous of Jones to argue that he was unable to assert the claim he asserts herein until after he knew of the <u>Miller</u> decision.

Although the PF&R does not discuss it, plaintiff does not satisfy the second <u>Jones</u> factor for the additional reason that substantive law has not changed—-plaintiff was a felon in possession at the time of his conviction and he remains one to this day. To be convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, the government needed only to prove that Jones had been convicted by any court of a "crime punishable by imprisonment for a term exceeding one year."

At his sentencing hearing on December 10, 2010, the court concluded that defendant had a criminal history category of V. See ECF No. 161 in Case No. 0:06-cr-01169-CMC (D.S.C). As a factual basis for the plea, the government proffered that "[a] few of Mr. Jones's previous convictions that caused him to be a felon is a '98 conviction for failure to stop for a blue light as well as an `02 conviction for assault and battery of a high and aggravated nature, and a failure to stop for blue light." ECF No. 162 at 24-25 in Case No. 0:06-cr-01169-CMC (D.S.C). The district court then informed the government that she was "going to need a little bit more." Id. at 25. The government made a further proffer that

> In '98, June 12th, '98, he was convicted of failure to stop for a blue light. He received three years under the Youthful Offender Act. In 2002, August 20th, he was convicted of assault and battery of a high and aggravated nature. He got 30 days confinement concurrent with another failure to stop for a blue light for which he got 30 days confinement concurrent. And on September 27th, 2005, he was convicted of possession with intent to distribute a controlled substance for which he got a 12-month sentence, suspended eight months confinement and one year probation.

Id. at 26. Immediately after this proffer, the court inquired of Jones:

Court: All right. Okay. Mr. Jones, do you admit that as of the date in the indictment, April 28th, 2006, you had previously been convicted of a crime punishable by a term of imprisonment exceeding one year?

Defendant: Yes, ma'am.

Id. at 27.

Jones does not dispute that he has a 2005 South Carolina conviction for Possession with Intent to Distribute Marijuana, 2nd Offense. See ECF No. 142 in 0:06-cr-01169-CMC (D.S.C). Furthermore, it is clear that such a conviction carries with it a maximum term of incarceration of over one year. See S.C. Code Ann. § 44-53-370; see also Louallen v. United States, Civil Action No. 4:11-3372-TLW, 2012 WL 1570143, *3 (D.S.C. May 2, 2012) ("Petitioner's reliance on [Simmons] is misplaced, as Simmons concerned the unique sentencing regime in North Carolina's state court system and a particular North Carolina drug offense the violation of which does not necessarily subject the offender to the possibility of a one year term of incarceration. That is simply not true of the South Carolina offense at issue here. Under South Carolina law, Possession with Intent to Distribute Marijuana, 2nd Offense, carries with it a maximum potential sentence of greater than one year."). Furthermore, the fact that Jones did not receive a sentence in excess of one year is not what matters--only that he could have been sentenced to more than one year. See United States v. Cozart, No. 11-5150, 496 F. App'x 280, 282-83 (4th Cir. Oct. 31, 2012). In Cozart, the United States Court of Appeals for the Fourth Circuit reversed the district court for vacating a defendant's felon in possession conviction because he had not

actually been punished with a term of imprisonment exceeding one year for his underlying felony. See id. at 283 ("Cozart's state conviction and prior record level rendered him eligible to receive for that conviction a term of imprisonment of up to 13 months. Thus, Cozart's actual sentence of 10 to 12 months was not determinative of the issue whether he had been convicted of a crime `punishable by imprisonment for a term exceeding one year.'").

Notwithstanding plaintiff's argument to the contrary, Jones' conviction for assault and battery of a high and aggravated nature (ABHAN) also was punishable for a term of imprisonment exceeding one year. See State v. Fennell, 531 S.E.2d 512, 516 (S.C. 2000) ("ABHAN is a common law misdemeanor punishable by up to ten years in prison."); see also United States v. Velez, No. 04-4742, 167 F. App'x 349, 350 (4th Cir. Feb. 15, 2006) ("Under South Carolina law, ABHAN is the unlawful act of violent injury to another accompanied by circumstances of aggravation and is punishable by up to ten years in prison.") (internal quotations and citation omitted); Jones v. United states, Nos. 2:07-cv-01120-DCN, 2:10-cv-70141-DCN, 2012 WL 3685990, *4 (D.S.C. Aug. 24, 2012) ("sentences for ABHAN can amount up to ten years").[3]

---

[3] Likewise, defendant's conviction for Failure to Stop for a Blue Light also qualifies as a predicate felony for felon in possession purposes. See, e.g., Bloodworth v. United States, Civil Action No. 4:12-cv-2007-TLW, 2013 WL 6780576, *12 (D.S.C. Dec. 18, 2013) ("To the extent Petitioner asserts that he is

13

Based on the foregoing, it is clear that the Simmons/Miller line of cases do not serve to invalidate the predicate felonies underlying Jones' felon in possession conviction.

### III. Conclusion

The court hereby **OVERRULES** plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation. Accordingly, the court **DISMISSES** plaintiff's application for Writ of Habeas Corpus and **DIRECTS** the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

`actually innocent' of being a Felon in Possession based on Simmons, . . . Petitioner's arguments are without merit. Petitioner appears to improperly confuse ACCA predicates with Felon in Possession predicates in presuming that he is not a felon for Felon in Possession purposes. Contrary to his assertions, Petitioner's prior convictions subject him to a conviction under 18 U.S.C. § 922(g)(1) as long as they are crimes punishable by imprisonment for a term exceeding one year. . . . Simmons would only offer Petitioner relief in the case of a prior North Carolina felony conviction that, because it did not subject Petitioner to a potential custodial sentence of one year, did not qualify as a federal felony. . . . Thus, Petitioner's prior convictions for . . . Failure to Stop for a Blue Light . . . would each qualify as a crime punishable by imprisonment for a term exceeding one year for felon in possession purposes. As a result, Petitioner's actual innocence assertion is without merit.") (emphasis in original). Indeed, Jones received a sentence of three years. See ECF No. 162 at 26 in Case No. 0:06-cr-01169-CMC (D.S.C)

14

2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 28th day of September, 2018.

ENTER:

David A. Faber
Senior United States District Judge